**Law Offices of Donald W. Hudspeth, P.C.**
Brian K. Stanley, of counsel (004619)
Craig W. Broadbent (029032)
3030 N. Central Avenue, Suite 604
Phoenix, AZ 85014
602-265-7997
thefirm@azbuslaw.com

Attorneys for Plaintiff

# In the United States District Court
## For the District of Arizona

| | |
|---|---|
| Auto Exporters U.K. Ltd. d.b.a. Berkshire Land Rover, a U.K. company,<br><br>Plaintiff,<br><br>vs.<br><br>Land Rover Co., a U.K. company<br><br>and<br><br>LCN.com Co., a U.K. company,<br><br>and<br><br>GoDaddy.com L.L.C., a Delaware limited liability company,<br><br>Defendants. | No. _____<br><br>COMPLAINT |

COMES NOW Plaintiff Auto Exporters U.K. Ltd., by and through its counsel undersigned, for its causes of action alleging:

JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under 15 U.S.C. § 1121 (a) and 28 U.S.C. § 2201 (a).

2. Venue in the District of Arizona, Phoenix Division, is proper by virtue of the previous contractual election of the parties.

## PARTIES AND SUBJECT-MATTER

3. Plaintiff Auto Exporters U.K. Ltd. (hereinafter, "Auto Exporters") is a company organized and existing under the laws of the United Kingdom, with power to sue and be sued under that name.

4. Defendant Land Rover Co. (hereinafter, "Land Rover") is a company organized and existing under the laws of the United Kingdom, with power to sue and be sued under that name.

5. Defendant LCN.com Co. (hereinafter, "LCN") is a company organized and existing under the laws of the United Kingdom, with power to sue and be sued under that name.

6. Defendant GoDaddy.com L.L.C. (hereinafter, "GoDaddy") is a limited liability company organized and existing under the laws of Delaware, maintaining its principal offices in Scottsdale, Arizona and qualified to do business in the State of Arizona.

7. The subject of this action is the right to register, maintain and use the Internet domain names:
BERKSHIRELANDROVER.COM
LANDROVERSUSA.COM
BERKSHIRELANDROVERUSA.COM
BLRDEFENDERS.COM
(hereinafter, "the Domain Names").

8. GoDaddy and LCN are made Defendants herein only to ensure that they have full notice of and are obliged to take cognizance of this action and of such determinations and/or orders as may be made herein regarding the Internet domain names identified in Paragraph 6 above. Auto Exporters here seeks no other relief as against said Defendants.

COUNT I.
(Declaratory Judgment, 28 U.S.C. § 2201 (a), 15 U.S.C. § 1114 (2)(D)(v) and 15 U.S.C. § 1121 (a) )

9. Auto Exporters is or was the registrant of the Domain Names within the meaning of 15 U.S.C. § 1114.

10. As a result of the acts and representations of Land Rover, GoDaddy has suspended, disabled, or transferred the Domain Names, or imminently threatens to suspend, disable or transfer the Domain Names under a policy of or adopted by GoDaddy prohibiting the registration of a domain name that is identical to, confusingly similar to, or dilutive of another's mark, within the meaning of 15 U.S.C. § 1114 (2)(D)(ii)(II).

11. Land Rover is the owner of a registered mark or marks (within the meaning of 15 U.S.C. § 1114) and has claimed that Auto Exporter's registration, maintenance and/or use of the Domain Names violates Land Rover's rights in said marks (hereinafter referred to as "the Land Rover Mark").

12. As to each of the Domain Names:

   a. The Domain Name is neither identical nor confusingly similar to the Land Rover Mark;

   b. Auto Exporters has a right or legitimate interest in respect of the Domain Name; *or*

   c. The Domain Name was not registered by Auto Exporters, was not used by Auto Exporters and is not being used by Auto Exporters in bad faith.

13. Land Rover has contended and contends that, as to each of the Domain Names:

   a. The Domain Name is identical or confusingly similar to the Land Rover Mark;

   b. Auto Exporters has no right or legitimate interest in respect of the Domain Name; *and*

   c. The Domain Name was registered and used, and is being used, by Auto Exporters in bad faith.

14. There is an actual existing controversy between Auto Exporters and Land Rover, as indicated by Paragraphs 12 and 13 above.

15. Said controversy is within the jurisdiction of this Court, pursuant to 15 U.S.C. § 1114 (2)(D)(v) and 15 U.S.C. § 1121 (a).

## PRAYERS FOR RELIEF

WHEREFORE, Auto Exporters prays the judgment and decree of this Court in its favor and against Defendants Land Rover, GoDaddy and LCN:

A. Declaring that, as to each of the Domain Names:

    a. The Domain Name is neither identical nor confusingly similar to the Land Rover Mark;

    b. Auto Exporters has a right or legitimate interest in respect of the Domain Name; *or*

    c. The Domain Name was not registered by Auto Exporters, was not used by Auto Exporters and is not being used by Auto Exporters in bad faith.

B. Awarding Auto Exporters, as against Defendant Land Rover, only, taxable costs incurred herein, with interest thereon at the legal rate until paid in full.

C. Awarding Auto Exporters such other and further relief, including injunctive relief, as may be necessary to give effect to the Court's said determinations, or as the Court may otherwise deem just and proper in the circumstances.

Dated: November 23, 2012.

                          Law Offices of Donald W. Hudspeth, P.C.

                          By:   /s/Brian K. Stanley
                          Brian K. Stanley, of counsel
                            *Attorneys for Plaintiff*